**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Jack Bieri, #288329

    Plaintiff,

v.

Rewerts, et al.

    Defendants.

Case No: 1:20-cv-00415
District Judge: Paul L. Maloney
Magistrate Judge: Sally J. Berens

| | |
|---|---|
| JACK BIERI, #288329<br>G. Robert Cotton Correctional Facility<br>3510 N. Elm Road<br>Jackson, MI 49201<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Scott Rothermel (P70711)<br>Attorney for MDOC Defendants<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>rothermels@michigan.gov | CHAPMAN LAW GROUP<br>Wedad Suleiman (P81970)<br>Attorney for Defendant Scott Holmes, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>wsuleiman@chapmanlawgroup.com |

**DEFENDANT SCOTT HOLMES, M.D.'S MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY (DKT. NO. 26) TO HIS MOTION FOR SUMMARY JUDGMENT (DKT. NO. 15)**

NOW COMES Defendant SCOTT HOLMES, M.D., by and through his attorneys, CHAPMAN LAW GROUP, and file this Motion to Strike Plaintiff's Unauthorized Sur-Reply to his Motion for Summary Judgment (**PageID.181-184**) since Plaintiff failed to seek permission from the Court to file a sur-reply as required under LR 7.2(c), W.D. Mich.

    1.    On May 12, 2020, Plaintiff Jack Bieri filed his Complaint in this matter alleging deliberate indifference to serious medical needs under 42 U.S.C. § 1983 and the Eighth Amendment. **(PageID.1-19)**

2. On August 11, 2020, Defendant filed his Motion for Summary Judgment based solely on Plaintiff's failure to exhaust his administrative remedies. **(PageID.76-87).**

3. On September 10, 2020, Plaintiff filed a response **(PageID.99-106)** to Defendant's Motion for Summary Judgment.

4. On September 24, 2020, Defendant filed his reply (**PageID.135-137**) to Plaintiff's Response to his Motion for Summary Judgment.

5. On October 16, 2020, Plaintiff filed an unauthorized sur-reply **(PageID.181-184)** to Defendant's Motion for Summary Judgment.

6. Under United States District Court, Western District of Michigan Local Rule 7.2 (c), the briefing schedule for a party opposing a dispositive motion permits a **single** responsive brief and any supporting materials within 28 days of service of the motion.

7. Without permission of the court, Plaintiff filed a sur-reply **(PageID.1811-184)** in response to Defendant's Motion for Summary Judgment. **(PageID.76-87)**. Defendant moves to strike Plaintiff's sur-reply because: (1) Plaintiff should have raised the arguments within his sur-reply in his original Response brief **(PageID.99-106)**, and (2) multiple filings of further briefs and evidence forces Defendant to respond and results in an endless cycle of briefing. *Cage v. Harry*, No. 1:09-cv-512 (W.D. Mich. Sept. 30, 2012).

10. In an effort to seek concurrence, Defendant's counsel contacted Plaintiff via correspondence on October 21, 2020. Upon information and belief, Plaintiff opposes this Motion.

WHEREFORE, Defendant SCOTT HOLMES, M.D. respectfully requests that this Honorable Court grant his Motion to Strike Plaintiff's unauthorized sur-reply. (**Dkt. No. 26**).

                                        Respectfully submitted,
                                        CHAPMAN LAW GROUP

Dated: October 26, 2020             /s/Wedad Suleiman
                                        Wedad Sulieman (P81970)
                                        Attorney for Scott Holmes, M.D.
                                        1441 West Long Lake Rd., Suite 310
                                        Troy, MI 48098
                                        (248) 644-6326
                                        wsuleiman@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Jack Bieri, #288329

    Plaintiff,

v.

Rewerts, et al.

    Defendants.

Case No: 1:20-cv-00415
District Judge: Paul L. Maloney
Magistrate Judge: Sally J. Berens

| | |
|---|---|
| JACK BIERI, #288329<br>G. Robert Cotton Correctional Facility<br>3510 N. Elm Road<br>Jackson, MI 49201<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Scott Rothermel (P70711)<br>Attorney for MDOC Defendants<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>rothermels@michigan.gov | CHAPMAN LAW GROUP<br>Wedad Suleiman (P81970)<br>Attorney for Defendant Scott Holmes, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>wsuleiman@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENDANT SCOTT HOLMES, M.D.'S MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY(DKT. NO. 26) TO HIS MOTION FOR SUMMARY JUDGMENT (DKT. NO. 15)**

**PROOF OF SERVICE**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
STATEMENT OF ISSUES PRESENTED.............................................................................. iv
STATEMENT OF FACTS AND PROCEDURAL BACKGROUND....................................... 1
LEGAL ARGUMENT............................................................................................................... 1
   A.  This Court Should Strike Plaintiff's Additional Response to Defendant's Motion for Summary Judgment Because He Did Not Seek Permission Under LR 7.2, W.D. Mich. ........... 2
CONCLUSION........................................................................................................................ 3

## **TABLE OF AUTHORITIES**

**Cases**

*Aslani v. Sparrow Health Sys. Et al.,* 2009 WL 3711602, *22 (W.D. Mich. Nov. 23, 2009)…….2

*Cage v. Harry*, No. 1:09-cv-512 (W.D. Mich. Sept. 30, 2012)…………………………………...1

*Carver v. Bunch,* 946 F.2d 451, 453 (6th Cir.1991)………………………………………………2

*Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 598 (6th Cir. 2003)…………3

*Kim v. U.S. Dep't of Labor*, 2007 WL 4468723, *1 (W.D.Mich.Dec.12, 2007)………………….2

*Labreck v. U.S. Dep't of Treasury*, No. 11-10155, 2013 WL 511031, (E.D. Mich. Jan. 25, 2013))…………………………………………………………………………..……………….2

*Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.,* 173 F.3d 988, 991 (6th Cir.1999)………………………………...…………………………………………………2

## **STATEMENT OF ISSUES PRESENTED**

WHETHER THE COURT SHOULD STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY.

Defendant Answers:                                                       YES
Plaintiff Answers:                                                          NO

**STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

On May 12, 2020, Plaintiff Jack Bieri filed his Complaint in this matter alleging deliberate indifference to serious medical needs under 42 U.S.C. § 1983 and the Eighth Amendment. **(PageID.1-19)**

On August 11, 2020, Defendant filed his Motion for Summary Judgment based solely on Plaintiff's failure to exhaust his administrative remedies. **(PageID.76-87).** On September 10, 2020, Plaintiff filed a response **(PageID.99-106)** to Defendant's Motion for Summary Judgment. On September 24, 2020, Defendant filed his reply (**PageID.135-137**) to Plaintiff's Response to his Motion for Summary Judgment. On October 16, 2020, Plaintiff filed an unauthorized sur-reply **(PageID.181-184)** to Defendant's Motion for Summary Judgment.

**LEGAL ARGUMENT**

Under United States District Court, Western District of Michigan Local Rule 7.2 (c), the briefing schedule for parties opposing a dispositive motion permits a **single** responsive brief and any supporting materials within 28 days of service of the motion. Plaintiff has a sur-reply **(PageID.181-184)**, without permission of the court, in response to Defendant's Motion for Summary Judgment. **(PageID.76-87)**. Defendant moves to strike Plaintiff's sur-reply because: (1) Plaintiff should have raised the arguments within his sur-reply in his original Response brief **(PageID.99-106)**, and (2) multiple filings of further briefs and evidence forces Defendants to respond and results in an endless cycle of briefing. *Cage v. Harry*, No. 1:09-cv-512 (W.D. Mich. Sept. 30, 2012).

This conduct is unauthorized, as supported by this Honorable Court in the past: "It is well-established that parties do not have a right to file a sur-reply brief, whether under the Federal Rules of Civil procedure or the local rules of our district, and both this court and other federal courts rarely grant leave to file a surreply." *Aslani v. Sparrow Health Sys. Et al.,* 2009 WL 3711602, *22

(W.D. Mich. Nov. 23, 2009) (Maloney, C.J.) (footnote & citations omitted). Further, "The court rules do not authorize (a party) to file supplemental briefs at his pleasure. The local court rule provides that '(t)he Court may permit or require further briefing.'" *Kim v. U.S. Dep't of Labor*, 2007 WL 4468723, *1 (W.D.Mich.Dec.12,2007) (Brenneman, M.J.) (quoting W.D.MICH. LCIVR 7.2), *R&R adopted*, 2008 WL 696469 (W.D. Mich. Mar. 12, 2008).

Even if Plaintiff is able to show that he had good cause in filing the additional response, Plaintiff was obligated to present good cause in a motion for leave to file a sur-reply *before* (or contemporaneously with) the filing of the intended sur-reply, rather than file the sur-reply unilaterally. This remains true even if Plaintiff claims that he had new authority or evidence not available to him when he filed his response to Defendant's Motion for Summary Judgment. Courts have often stricken down unauthorized sur-replies when it has been found that a party has not exercised reasonable diligence, as is the case here. "(D)istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.,* 173 F.3d 988, 991 (6th Cir.1999), citing, *Carver v. Bunch,* 946 F.2d 451, 453 (6th Cir.1991); *Labreck v. U.S. Dep't of Treasury*, No. 11-10155, 2013 WL 511031, at *1 (E.D. Mich. Jan. 25, 2013) *report and recommendation adopted,* No. 11-10155, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013).

### A. This Court Should Strike Plaintiff's Additional Response to Defendant's Motion for Summary Judgment Because He Did Not Seek Permission Under LR 7.2, W.D. Mich.

On September 10, 2020 Plaintiff responded **(PageID.99-106)** to Defendant's Motion for Summary Judgment. **(PageID.76-87)**. Plaintiff then filed his unauthorized sur-reply on October 16, 2020. **(PageID.181-184).** Due to the filing date of his original response to Defendant's Motion for Summary Judgment, Plaintiff is seemingly aware of the guidelines set forth under Local Rule 7.2 (c), W.D. Mich. Yet, Plaintiff has filed another response without requesting permission from

2

the Court which may be granted under Local Rule 7.2(c), W.D. Mich. Plaintiff should have requested permission and also, should have included all his arguments in one brief as required under the aforementioned rule.

Defendant kindly requests this Court to disregard Plaintiff's unauthorized sur-reply because he failed to seek permission before filing them and also, provided no good cause for his actions. *See Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 598 (6th Cir. 2003)("Northcoast then filed its reply brief on September 25, 2002. After the reply brief was filed, Jones, without leave of the district court, filed a supplemental memorandum. Jones's supplemental documents were untimely and the district court ordered them struck…. The district court's decision to strike the supplemental memoranda was not an abuse of discretion.") If the Court does decide to consider Plaintiff's additional responses, Defendants kindly request this Court to provide them with the opportunity to respond.

## **CONCLUSION**

WHEREFORE, Defendant SCOTT HOLMES, M.D. respectfully requests that this Honorable Court grant his Motion to Strike Plaintiff's unauthorized sur-reply. (**Dkt. No. 26**).

                                                  Respectfully submitted,
                                                  CHAPMAN LAW GROUP

Dated: October 26, 2020                           /s/Wedad Suleiman
                                                  Wedad Sulieman (P81970)
                                                  Attorney for Scott Holmes, M.D.
                                                  1441 West Long Lake Rd., Suite 310
                                                  Troy, MI 48098
                                                  (248) 644-6326
                                                  wsuleiman@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on October 26, 2020, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/Wedad Suleiman
Wedad Sulieman (P81970)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
wsuleiman@chapmanlawgroup.com

4